OPINION JUDGMENT ENTRY
{¶ 1} Appellant James Nawrocki, father of Jamie Nawrocki, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which granted legal custody of the minor child to appellee Madalyn Landers. Appellant assigns two errors to the trial court:
 {¶ 2} "The trial court denied james nawrocki due process of law and erred in permitting the filing of motions and the presentation of evidence by a non-party.
 {¶ 3} "The trial court erred in permitting a transfer of legal custody without a finding of parental unfitness, a change of circumstances, or a finding of reasonable efforts by the intervening agency."
 {¶ 4} The record indicates on March 4, 2003, the Stark County Department of Job and Family Services filed a complaint in Juvenile Court alleging Jamie Nawrocki was a neglected or dependent child. At the shelter care hearing, the magistrate to whom the matter was referred gave temporary custody of Jamie to JFS, and ordered the child be placed with appellee Madalyn Landers, who had been Jamie's foster parent in an earlier case. Upon objection, the trial court found JFS was the appropriate entity to make placement decisions for children in its temporary custody, and found the magistrate erred in ordering a specific placement.
 {¶ 5} On May 19, 2003, the court held an adjudication hearing. The parents appeared and stipulated to a finding of dependency. On July 22, 2003, appellee Landers filed a motion for custody. The record indicates some dispute between appellee Landers and the child's mother regarding visitation, and both mother and appellant moved to dismiss appellee's motion for custody. The court overruled these motions.
 {¶ 6} On December 26, 2003, the child's mother moved the court to return Jamie to her custody, alleging she was in full compliance with the reunification plan. After a hearing, the court found it was in the best interest of the child to grant legal custody of the child to appellee Landers with the protective supervision of JFS. Mother, the child, and appellee Landers were to begin counseling and visitation would be gradually expanded. Mother agreed to this arrangement. The court made no finding on unfitness.
 {¶ 7} As a procedural matter, we note the judgment entry appealed from as attached to the docketing statement and appellant's brief is the handwritten judgment entry issued by the court. Pursuant to Loc. App. R. 9, (E), a handwritten judgment entry is inappropriate. This court could decline to review the judgment entry, but here we prefer to rule on the merits of the appeal.
 {¶ 8} The record indicates both parents lack parenting skills, and have a history of substance abuse and domestic violence. It appears appellant could not attend some of the hearings in the Juvenile Court because he was incarcerated.
 I {¶ 9} In his first assignment of error, appellant urges the court denied him due process of law and erred in permitting appellee Landers to file motions and present evidence.
 {¶ 10} Contrary to appellant's assertions, appellee Landers was a party to the action, when the court consolidated her motion for custody of the child with the dependency case filed by JFS.
 {¶ 11} R.C. 2151.353 permits a trial court which has adjudicated a child as an abused, neglected or dependent child to make an order in the dispositional stage of the proceeding, awarding legal custody of the child to either parent or to any other person, who, prior to the dispositional hearing, files a motion requesting legal custody of the child. In the case of Inthe Matter of Katherine Marie Allen, Delaware App. No. 02-CA-F-06028, 2002-Ohio-5555, this court reviewed a case wherein a child's grandmother filed a private complaint alleging dependency and neglect, and the trial court granted legal custody to the grandmother. We found R.C. 2151.353 was not followed, but the failure was not fatal to the trial court's decision. InAllen, we found the underlying rationale of R.C.2151.353 is to afford all parties adequate notice of all potential custodians, Allen, at 2, citing In Re: Moorehead (1991), 75 Ohio App.3d 711,600 N.E.2d 778. This court held where the parties are aware of all the potential custodians, receive adequate notice of the trial court's intention to review the custody issue, and are afforded the ability to participate in the hearing, then there is substantial compliance with the statue.
 {¶ 12} Appellant argues the interference by appellee Landers prevented the child's mother from successfully reuniting with her child after completing her case plan, and the interferences prevented appellant from ever having a normal relationship with his only child. This argument loses its impact given the fact the child's mother consented to appellee having custody of the child, and also because appellant's inability to have a relationship with the child is caused in no small part by his legal and chemical entanglements.
 {¶ 13} Our review of the record leads us to conclude the trial court did not violate appellant's rights to due process.
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, appellant argues the trial court could not grant legal custody to appellee without making a finding of parental unfitness or change of circumstances. Further, the court did not make a finding JFS had used reasonable efforts to re-unite this family. Appellant citesIn re Peralis (1977), 52 Ohio St.3d 89, 369 N.E.2d 1047, as authority for the proposition parents may be denied custody of their children in favor of a non-parent only upon a showing of parental unsuitability.
 {¶ 16} In the case of In re DR (2003),153 Ohio App.3d 156, 792 N.E.2d 2003, the Ninth District Court of Appeals reviewed a similar argument, and held Peralis is not applicable to a dependency, neglect or abuse case. The focus of the disposition hearing must be the best interest of the child. We agree.
 {¶ 17} Appellant also argues if no finding of unfitness is made, then a trial court must comply with R.C. 3109.04 and find a change of circumstances before it can change a custodial award. As appellee JFS points out, under appellant's reasoning, whenever an award of temporary custody was made to a children's service agency, no dispositional change could occur, even returning the children to the parents, unless the parents show a change in circumstances, which made the children's services agency unsuitable to be the children's custodian. We reject this argument, and find dispositions in dependency, neglect, and abuse cases must be governed by the best interest standard, and not by a change in circumstances standard.
 {¶ 18} Finally, appellant argues there was no finding JFS used reasonable efforts to reunite the family. We find this was unnecessary, because this was not a permanent custody case. It is clear from the trial court's entry all parties intend for the reunification efforts to continue.
 {¶ 19} The second assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law. Costs to appellant.