OPINION *Page 2 
{¶ 1} Appellant-mother, Shannon Kyle, appeals the trial court's grant of legal custody of her two minor children, who had been adjudicated dependent, to relatives. Appellee is the Tuscarawas County Department of Job and Family Services.
 STATEMENT OF FACTS AND CASE {¶ 2} On July 17, 2007, the Tuscarawas County Department of Job and Family Services (hereinafter "TJFS") filed a complaint for neglect and dependency for Austin Kyle whose date of birth is February 2, 1996, and Jasmine Daniels whose date of birth is March 10, 1999. Appellant, Shannon Kyle is the mother of the children. Michael Kyle is the father of Austin Kyle and Scott Daniels is the father of Jasmine Daniels.
 {¶ 3} In the complaint, TJFS alleged that the children's mother and custodial parent, appellant Shannon Kyle, has alcohol abuse problems which significantly affect her ability to provide adequate and necessary care for her children. As a result, the children were removed from the appellant's care and placed in the temporary custody of relatives.
 {¶ 4} On August 1, 2007, the court held an initial hearing on the complaint. At the hearing, the court appointed counsel for mother and appointed Attorney Karen Dummermuth as guardian ad litem for the children. The court further ordered the children to remain in the temporary custody of the relatives with protective supervision by TJFS. Finally, the court issued a no contact order between the appellant and her children until further order of the court pending drug test results.
 {¶ 5} On August 2, 2007, TJFS filed a motion for supervised visitation thereby moving the court to permit supervised contact between the appellant and her children. *Page 3 
On August 3, 2007, the trial court granted the motion and permitted the appellant to have supervised visitation with the children to occur at TJFS or at Family Counseling Services.
 {¶ 6} On August 14, 2007, TJFS filed a case plan. The case plan services for appellant included parenting classes beginning on September 11, 2007, psychological and substance abuse assessments by August 31, 2007, employment and safe and stable housing. The proof of service stated that a copy of the case plan was mailed to the appellant at her current residence with Barb McKim.
 {¶ 7} On August 28, 2007, the court held an adjudicatory hearing. At the hearing, TJFS moved to dismiss the neglect count in the complaint and to amend the dependency count of the complaint. The motion was granted. The appellant and the biological father, Mike Kyle, admitted to the allegations in the amended complaint. Scott Daniels did not appear. Based upon the parents' admissions, the children were adjudicated dependent pursuant to R.C. 2515.04. The court's further ordered the children to remain in the temporary custody of relatives with protective supervision by TJFS. The court further adopted the case plan and ordered the parties to make "every effort to comply with the terms and conditions of the case plan." The court's order was set forth in a judgment entry filed on August 30, 2007.
 {¶ 8} On November 1, 2007, TJFS filed a motion to modify the court's prior disposition to suspend visitation between the children and appellant because appellant failed to visit and/or because she arrived late for visitation. TJFS also moved to modify the prior disposition of temporary custody to place the children in the legal custody of their relative caregivers. *Page 4 
 {¶ 9} On December 3, 2007, the court held a hearing on TJFS's motion to modify. At the hearing, Mike Kyle agreed to the requested modification and to the grant of legal custody of Austin to his care givers. Jasmine's father failed to appear at the hearing. During the hearing, TJFS called one witness, caseworker Jamie Grunder, and the appellant testified on her own behalf.
 {¶ 10} Jamie Grunder, a case manager with TJFS testified that she was primarily responsible for the case concerning Jasmine Daniels and Austin Kyle. T.4. She stated that the case had been pending since July of 2007. She stated that appellant's case plan included parenting, stable housing, a psychological assessment and alcohol and addiction intervention. T.6. She stated that the appellant was signed up to attend parenting classes in September but that the appellant did not attend the first class allegedly due to transportation problems. T.6. She stated that the appellant was aware that if she missed one parenting class she could be terminated from the program but that the appellant did not demonstrate any concern over missing the parenting class. T.27-28.
 {¶ 11} Ms. Grunder testified that the appellant was scheduled for a psychological assessment with Dr. Misra but failed to appear for the scheduled appointment due to alleged transportation problems. T.6. Apparently, the appellant had moved to Coshocton County and there was some dispute over whether TJFS could provide out of county transportation services. She also stated that the appellant contacted her one time regarding a transportation issue but did not provide enough notice for her to make arrangements for transportation to an appointment scheduled for the next day. T.11. *Page 5 
 {¶ 12} Ms. Grunder testified that, since July, the appellant has lived in several different locations and was thrown out of Barb McKim's home. T.8. She testified that the appellant attended the alcohol and addiction program "on and off." She stated that she had received police reports and was advised that the appellant had been charged with disorderly conduct which she felt might be alcohol related. T.8-9. She testified she believed there were two alcohol related incidents on September 22, 2007, and October 3, 2007. T. 9-10.
 {¶ 13} Ms. Grunder testified that she had concerns regarding returning the children to the appellant's custody because the appellant continued to lack any follow through with case plan services and was not able to maintain stable housing. She stated that, in her opinion, a six month extension to allow the appellant additional time to become involved in the recommended services was not warranted because she believed that the appellant would not show any improvement. She testified that in her opinion TJFS had made reasonable efforts to allow the appellant an opportunity to complete her case plan and prevent the continued removal of the children from their home. T.16.
 {¶ 14} Ms. Grunder testified that appellant has two other children who are in the custody of their father, Michael Kyle. She testified that Austin and Jasmine were doing very well in their current placements with relatives. She stated that the children's placements were appropriate and there were no concerns. T. 12-13. She testified that Jasmine had expressed a desire to remain in her current placement and that Jasmine had expressed concerns regarding her mother's (appellant's) drinking. T.18. She stated that the children's visits with the appellant had been terminated because the appellant *Page 6 
failed to appear for two visits and was late for a third visit. T.5. She stated that, as a result of the termination, the appellant's last visit with her children had been "a couple months ago." T.5.
 {¶ 15} The appellant, Shannon Kyle, testified that within the last six days she had moved into a two bedroom trailer at 236 Lake Lyla Road in Coshocton, Ohio, and intended to make that her permanent residence. T.35. She testified that she was scheduled to begin the next ten week term of parenting classes on December 4, 2007. She stated that she called and rescheduled for parenting on October 21, 2007, and had solved her transportation problems by making arrangements to borrow a truck. T.37 and 42. She testified that she had rescheduled her psychological assessment to the next available date on December 5, 2007. She stated that she attends alcohol assessment and treatment. T.39. She testified that prior to being charged with disorderly conduct, she consumed one, and then she changed it to two, beers. She testified that she had recently been employed by her dad's friend doing construction and roofing. T.45-46.
 {¶ 16} On cross-examination, the appellant testified that she had lived in three separate residences since July, which included two weeks with Barb McKim and three months with Charlie Blevin. T.44. She stated that she didn't call the caseworker because she didn't have a phone. T.52.
 {¶ 17} On December 6, 2007, by judgment entry, the court held in pertinent part as follows:
 {¶ 18} "Upon the evidence presented and the recommendations of the Guardian ad Litem, the Court finds it is in the best interest of Austin Kyle and Jamine (sic) Daniels *Page 7 
to grant the Motion to Modify Prior Dispositions, and it is therefore ordered that Austin Kyle be placed in the legal custody of William and Ferron Striker and Jasmine Daniels be placed in the Legal Custody of Scott and Heather Daniels pursuant to Ohio Revised Code Section 2151.353(A)(3).
 {¶ 19} "It is further ordered that there shall be no contact or visitation between Shannon Kyle and the minor children until further order of the Court."
 {¶ 20} It is from this judgment that the appellant-mother, Shannon Kyle, now seeks to appeal setting forth the following assignments of error:
 {¶ 21} "I. THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF THE CHILDREN TO RELATIVES WHEN JOB AND FAMILY SERVICES FAILED TO EXPEND REASONABLE EFFORTS TO REUNITE THE CHILDREN WITH APPELLANT/MOTHER
 {¶ 22} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT AN AWARD OF LEGAL CUSTODY TO RELATIVES WAS IN THE BEST INTEREST OF THE CHILDREN AFTER MOTHER WAS PERMITTED ONLY 2 MONTHS TO COMPLETE CASE PLAN SERVICES. THE TRIAL COURT'S DECISION WAS NOT SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE.
 {¶ 23} "III. THE TRIAL COURT DENIED MOTHER DUE PROCESS OF LAW IN TERMINATING THE CASE AND ISSUING A NO CONTACT AND NO VISITATION ORDER BETWEEN MOTHER AND HER CHILDREN AFTER ONLY 2 MONTHS OF THE COURT ORDERED ADOPTION OF THE CASE PLAN." *Page 8 
 I {¶ 24} In the first assignment of error, the appellant argues that TJFS did not expend reasonable efforts to reunite her with her children and that the trial court failed to make written findings of fact regarding the agency's reasonable efforts.
 {¶ 25} We shall first address the trial court's requirement to issue written findings of fact in a modification proceeding pursuant to R.C. 2151.353 and R.C. 2151.419.
 {¶ 26} Pursuant to R.C. 2151.353 "if a child is adjudicated an abused, neglected, or dependent child the court may make any of the following orders of disposition":
 {¶ 27} "(1) Place the child in protective supervision:
 {¶ 28} "(2) Commit the child to the temporary custody of a public children service agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court;
 {¶ 29} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing * * *". R.C. 2151.353(A).
 {¶ 30} R.C. 2151.353(E)(1) states that "the [juvenile] court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section" R.C. 2151.353(E)(2) permits the department of job and family services to file a motion with the court requesting a modification of a dispositional order filed pursuant to 2151.353(A) and provides that a hearing shall be held upon the motion as if the hearing "were the original dispositional hearing." *Page 9 
 {¶ 31} R.C. 2151.353(H) states that the juvenile court shall not issue a dispositional order pursuant to R.C. 2151.353(A) that removes a child from the child's home unless the court complies with R.C. 2151.419 and includes in the dispositional order the findings of fact required by that section.
 {¶ 32} R.C.2151.419(A)(1) states in pertinent part as follows:
 {¶ 33} "(A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section R.C. 2151.314, 2151.33 or 2151.353 of the Revised Code at which the court removes a child from the child's home, the court shall determine whether the public children's service agency or private child placing agency that filed the complaint in the case, removed the child from the home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. * * * In determining whether reasonable efforts were made, the child's health and safety shall be paramount.
 {¶ 34} R.C. 2151.419(B)(1) requires a court to issue written findings of fact setting forth the reasons supporting its determination. The section further states that "if the court makes a written determination under division (A)(1) of this section, it shall briefly describe in the findings of fact the relevant services provided by the agency to the family and child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home." *Page 10 
 {¶ 35} In this case, the children were adjudicated dependent. At the original disposition, the trial court ordered the children to remain in the temporary custody of their relatives pursuant to R.C. 2151.353(A)(2). Thereafter, TJFS filed a motion to modify the disposition and grant legal custody of the children to their caretakers, i.e. the relatives pursuant to R.C.2151.353(A)(3). On December 6, 2007, the trial court granted TJFS's motion for legal custody as to both children. However, the trial court failed to address in writing the reasonable efforts of TJFS as required by R.C. 2151.419.
 {¶ 36} Accordingly, appellant's first assignment of error is hereby sustained in part. We hereby reverse the trial court's order and remand this case to the trial court for it to make written findings of fact and conclusions of law that comply with the statute or to overrule the motion to modify disposition as to its request to grant legal custody to relatives.[1]
 II, III {¶ 37} Appellant's second assignment of error essentially challenges the manifest weight and sufficiency of the trial court's judgment. Appellant's third assignment of error sets forth a due process challenge to a procedure whereby custody is granted to a relative within two (2) months after the implementation of a reunification case plan. We have found it necessary to reverse the judgment and remand the matter for further findings in accordance with law. Therefore, a ruling on the second and third assignments of error would be premature. *Page 11 
 {¶ 38} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division is hereby reversed and remanded.
Edwards, J., And Delaney, J., concur.
 Gwin, P.J. concurs separately *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is reversed and remanded. Costs assessed to appellee.
[1] We find this decision to be contrary to the decision in In reNawrocki, Stark App. No. 2004-CA-00028, 2004-Ohio-4208. But, we have re-examined the issue in light of the arguments made in the case sub judice and find the requirements of the controlling statutes to be mandatory regarding the need for a reasonable efforts finding and for written findings of fact supporting such a determination. *Page 12