[Cite as *In re B.G.*, 2014-Ohio-409.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| B.G., P.G., & K.G. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | Case No. CT2013-0033 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Juvenile Division, Case Nos.
                              21230095, 21230096, 21230097


JUDGMENT:                     Reversed and Remanded


DATE OF JUDGMENT:             February 3, 2014


APPEARANCES:

For Appellant                         For MCCS

JOHN D. WEAVER                        MOLLY L. MARTIN
542 South Drexel Avenue               27 North Fifth Street
Bexley, OH  43209                     P.O. Box 189
                                      Zanesville, OH  43702-0189

                                      Guardian ad Litem

                                      JEANETTE MOLL
                                      803B Market Street
                                      Zanesville, OH  43701

*Farmer, J.*

{¶1}   On June 14, 2012, appellee, the Muskingum County Children Services, filed a complaint for the temporary custody of B.G. born May 9, 2009, P.G. born April 7, 2010, and K.G. born May 27, 2012, alleging the children to be abused, neglected, and dependent.   Mother of the children is appellant, Ashley Emahiser; father is Cody Grandstaff.

{¶2}   An adjudicatory hearing was held on May 28, 2013 and all three children were found to be neglected.   Following a dispositional hearing, legal custody of the three children was awarded to Tim and Mary Hazelton.   The adjudicatory dispositional entry was filed on June 26, 2013.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of errors are as follows:

I

{¶4}   "THE TRIAL COURT'S DECISION THAT THE CHILDREN WERE NEGLECTED IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."

II

{¶5}   "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DESCRIBE IN ITS FINDINGS OF FACT THE RELEVANT SERVICES PROVIDED BY THE AGENCY TO THE APPELLANT AND WHY THESE SERVICES DID NOT ENABLE THE CHILD[REN] TO RETURN HOME AS REQUIRED BY R.C. 2151.419(B)(1)."

III

{¶6}    "THE TRIAL COURT'S DECISON THAT THE AGENCY HAD MADE REASONABLE EFFORTS TO PREVENT REMOVAL IS NOT SUPPORED BY CLEAR AND CONVICNING EVIDENCE."

II

{¶7}    Appellant claims the trial court erred in not entering findings of fact as required under R.C. 2151.419(B)(1).  We agree.

{¶8}    R.C. 2151.419 governs hearings on efforts of agencies to prevent removal of children from homes.  Subsection (A)(1) states the following:

Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home.  The agency shall have the burden of proving that it has made those reasonable efforts.  If the agency removed the child from home during an emergency in which the child

could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.

{¶9} Subsection (B)(1) states the following:

A court that is required to make a determination as described in division (A)(1) or (2) of this section shall issue written findings of fact setting forth the reasons supporting its determination. If the court makes a written determination under division (A)(1) of this section, it shall briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home.

{¶10} The trial court's finding in its June 26, 2013 adjudicatory dispositional entry states in total:

**Finding:** Based upon testimony presented, the Court finds that [B.G.], [P.G.] and [K.G.] are neglected children as defined in Section

2151.03(A)(2) of the Ohio Revised Code. [B.G.], [P.G.] and [K.G.] are neglected children who lack adequate parental care because of the faults or habits of the children's parent/s, guardian or custodian.

The Court further finds that continuation in the home would be contrary to the best interests and welfare of the children; placement is in the best interest of the children; the agency has made reasonable efforts to prevent placement.

{¶11} In *In re Kyle,* 5th Dist. Tuscarawas No. 2008 AP 01 0002, 2008-Ohio-5892, this court reviewed a similar case and reversed the trial court's decision, stating the trial court failed to address in writing the reasonable efforts of the agency as required by R.C. 2151.419. We find the same in the case sub judice.

{¶12} Assignment of Error II is granted.

I, III

{¶13} Based upon our opinion in Assignment of Error II, these assignments are premature.

{¶14}  The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby reversed, and the matter is remanded for findings pursuant to R.C. 2151.419(B)(1).

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 117