[Cite as *In re G.M.*, 2014-Ohio-1595.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| G.M. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| NEGLECTED/DEPENDENT CHILD | : | |
| | : | Case No. CT2013-0038 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
21130170


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      April 11, 2014


APPEARANCES:

For Appellant                                    For Appellee Children Services

R. SCOTT PATTERSON                    MOLLY L. MARTIN
2609 Bell Street                               27 North Fifth Street
Zanesville, OH  43701                       P.O. Box 189
                                                       Zanesville, OH  43702-0189
Guardian ad Litem

PETER N. CULTICE
58 North Fifth Street
Zanesville, OH  43701

*Farmer, J.*

{¶1}   On November 2, 2011, appellee, the Muskingum County Children Services, filed a complaint for the temporary custody of G.M. born August 31, 2011, alleging the child to be neglected and dependent.  Mother of the children is appellant, Kirsten Gurnicke, fka Kirsten Miller; father is Joshua Martin.

{¶2}   An adjudicatory/dispositional hearing was held on January 24, 2012.  By order filed January 26, 2012, the trial court found the child to be neglected and dependent, and awarded temporary custody of the child to appellee.

{¶3}   On October 10, 2012, appellee filed a motion to modify the prior dispositional order of temporary custody to an order of legal custody to the paternal grandmother, Marilyn Stevens.  A hearing was held on May 29, 2013.  By judgment entry filed June 28, 2013, the trial court awarded legal custody of the child to Ms. Stevens.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT'S JUDGMENT THAT THE MINOR CHILDREN'S BEST INTEREST WOULD BE SERVED BY GRANTING OF LEGAL CUSTODY TO THE PATERNAL GRANDMOTHER, AND THAT MCCS HAD MADE REASONABLE EFFORTS TOWARD REUNIFICATION, WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE THE MOTHER HAD COMPLETED HER CASE PLAN OBJECTIVES."

{¶6}   In reviewing this case to address the assignment of error, we discovered the trial court did not enter findings of fact as required under R.C. 2151.419(B)(1).

{¶7}   R.C. 2151.419 governs hearings on efforts of agencies to prevent removal of children from homes.  Subsection (A)(1) states the following:

Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home.  The agency shall have the burden of proving that it has made those reasonable efforts.  If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable

efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.

{¶8}  Subsection (B)(1) states the following:

A court that is required to make a determination as described in division (A)(1) or (2) of this section shall issue written findings of fact setting forth the reasons supporting its determination. If the court makes a written determination under division (A)(1) of this section, it shall briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home.

{¶9}  The trial court's finding in its June 28, 2013 judgment entry granting legal custody of the child to the paternal grandmother states in total:

Upon the evidence and testimony presented, in the best interests of the child, it is hereby ORDERED that the minor child [G.M.] (born August 31, 2011) is hereby placed in the Legal Custody of her paternal grandmother Marilyn Stevens. The child's mother, Kirsten Gurnicke (fka Kirsten Miller) shall be entitled to reasonable visitation as agreed to by the parties.

The Court further finds that reasonable efforts have been made to eliminate the need for removal of the child and to make it possible for the child to return home and/or provide permanency for the child. Said findings include, but are not limited to: ongoing case management, case plan services, parenting, visitation, financial assistance, relative placement.

{¶10} In *In re Kyle,* 5th Dist. Tuscarawas No. 2008 AP 01 0002, 2008–Ohio–5892, and *In re B.G., P.G., and K.G.,* 5th Dist. Muskingum No. CT2013-0033, this court reviewed similar cases and reversed the trial court's decisions, finding the trial court failed to address in writing the reasonable efforts of the agency as required by R.C. 2151.419. We find the same in the case sub judice. The trial court included a mere cursory list of the "relevant services" provided, and did not state "why those services did not prevent the removal of the child from the child's home or enable the child to return safely home." R.C. 2151.419(B)(1). We find the June 28, 2013 judgment entry is insufficient to meet the requirements of R.C. 2151.419(B)(1).

{¶11} As we are unable to determine from the record the facts upon which the trial court based its determination, specifically, which services appellee provided to appellant and why those services did not prevent the removal of the child from the home or enable the child to return safely to the home, we are remanding this case to the trial court for findings of fact pursuant to R.C. 2151.419(B)(1). See *In re D.V.,* 6th Dist. Lucas No. L-08-1228, 2009-Ohio-2924, ¶ 10; *In re Keltner,* 12th Dist. Butler No. CA97-10-188, 1998 WL 468811 (August 10, 1998).

{¶12}  The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby reversed, and the matter is remanded to said court for findings pursuant to R.C. 2151.419(B)(1).

By Farmer, J.

Baldwin, J. concur

Hoffman, P.J. dissents.

SGF/sg 317

*Hoffman, P.J., dissenting*

{¶13} I respectfully dissent from the majority opinion.

{¶14} The majority bases its decision on the failure of the trial court to provide findings regarding reasonable efforts of the agency as required under R.C. 2151.419(B)(1). Appellant did not specifically request the trial court issue findings of fact after the hearing. Appellant did not assign as error or otherwise argue the trial court erred in failing to make those findings in her brief to this Court. As such, I find any such alleged deficiency to have been waived.[1]

{¶15} What Appellant does specifically challenge, in part, is the sufficiency of the evidence to demonstrate the agency made reasonable efforts toward reunification and its determination reasonable efforts were made is against the manifest weight of the evidence.

{¶16} While the majority characterizes the trial court's list of the relevant services provided by the agency as "cursory", I find it does sufficiently state its findings as to what services the agency did render. While I concede the trial court did not make specific finding as to "why those services did not prevent the removal of the child from the child's home or enable the child to return safely home", unlike the majority I believe the record does contain sufficient facts to support the trial court's determination to change legal custody to the paternal grandmother.

---

[1] The majority references *In re Kyle*, 5th Dist., 5th Dist. Tuscarawas App. No. 2008 AP 010002, 2008-Ohio-5892. This Court's opinion in *Kyle* specifically stated the appellant argued the trial court failed to make written findings of fact regarding the agency's reasonable efforts. Further, in *In re B.G., P.G., and K.G.*, 5th Dist. Muskingum No. CT2013-0033, 2014-Ohio-409, the appellant specifically challenged the failure of the trial court to provide the required findings in her proposed second assignment of error.

**{¶17}** Appellant had another child, W.A., previously removed from her care. W.A. was adjudicated a neglected and dependent child and placed into the temporary custody of an unrelated foster parent. After Appellant completed her case plan objectives regarding W.A., the trial court granted the agency's motion to modify temporary custody to legal custody of the foster parent. This Court reviewed that judgment in *In the Matter of W.A., Jr.*, 5th Dist. Muskingum App. No. CT2013-0002, 2013-Ohio-3444, and affirmed.

**{¶18}** The record herein demonstrates prior to the hearing on the agency's request to modify legal custody of G.M. to the paternal grandmother, Appellant had obtained stable housing, secured SSI, and passed all drug screens. She also completed parenting classes.

**{¶19}** However, Appellant stopped visiting G.M. in January, 2013, five months before the hearing. Her reasons for doing so were the subject of debate, including alleged fear of her husband, perceived harm to G.M. caused by separation after visits, and her generalized anxiety disorder and clinical depression. The caseworker for the agency, Cathy Loucks, testified "there is no bond" [between Appellant and G.M.] and it would really be an "emotional shock" to G.M. to put her with Appellant. (Tr., p. 19).

**{¶20}** Family Stability Worker Sara Joseph testified during the visits Appellant did have, Appellant was impatient and would try to leave the visits early after minimal interaction. (Tr. p. 26-27).

**{¶21}** The record also contains evidence concerning instances of domestic violence involving Appellant and her husband. Despite the fact Appellant obtained a Civil Protection Order against her husband in December, 2012, and told her caseworker

she did not attend scheduled visits with G.M. because she was afraid her husband would beat her up on the way to visitation (Tr. p. 12), there was evidence presented by Ms. Joseph and another caseworker, Robbin Delancey, Appellant was still seeing her husband prior to the trial.

{¶22} I find the record contains sufficient evidentiary facts to conclude the trial court did not abuse its discretion in awarding legal custody to Ms. Stevens. Accordingly, I dissent from the majority's decision to reverse and remand this case. I would affirm the trial court's decision.

_____
HON. WILLIAM B. HOFFMAN