[Cite as *In re A.H.*, 2014-Ohio-1929.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : |  |
|  | : | Hon. John W. Wise, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| IN RE A.H. | : |  |
|  | : | Case No. CT2013-0051 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Muskingum County
Court of Common Pleas, Juvenile
Division, Case No. 21230177

JUDGMENT:  REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:  May 5, 2014

APPEARANCES:

For Plaintiff-Appellee:

MARIA N. KALIS
Assistant Prosecuting Attorney
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

Guardian ad Litem:
VINCENT RUSSO
44 S. 6th St.
Zanesville, OH 43701

For MMCS:
MOLLY MARTIN
27 N. 5th St.
Zanesville, OH 43701

For Mother:
JOHN D. WEAVER
542 S. Drexel Ave.
Bexley, OH 43209

For Maternal Grandmother:
ROSE FOX
223 Main St.
Zanesville, OH 43701

For Father:
FREDRICK SEALOVER
45 N. Fourth St.
Zanesville, OH 43701

For Paternal Aunt:
DREMA BOGART
P.O. Box 30402
Gahanna, OH 43230

*Delaney, J.*

{¶1} Mother appeals the September 23, 2013 judgment entry of the Muskingum County Court of Common Pleas, Juvenile Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} A.H. was born on September 11, 2012 to Mother. Muskingum County Children Services ("MCCS") became involved with the family at A.H.'s birth because the child tested positive for Hydrocodone at birth. A.H. was placed in the care of the child's Maternal Grandmother.

{¶3} The trial court appointed a Guardian ad Litem for A.H. on January 3, 2013. On that same day, MCCS filed a complaint requesting the trial court declare A.H. neglected and dependant. A shelter care hearing was held on January 4, 2013 and A.H. was placed in the temporary custody of Maternal Grandmother.

{¶4} On February 21, 2013, Paternal Aunt filed a Motion to be Made a Party upon Disposition and a Motion for Legal Custody, or alternatively, Temporary Custody. The trial court granted the motion to be made a party upon disposition.

{¶5} An adjudicatory hearing was held on March 20, 2013, where A.H. was adjudicated a neglected and dependent child. The trial court next held the dispositional hearing where A.H. was placed in the temporary custody of Maternal Grandmother under the protective supervision of MCCS.

{¶6} Maternal Grandmother filed a Motion for Legal Custody on April 16, 2013.

{¶7} The trial court held a hearing on the motions for legal custody on September 17, 2013. The trial court issued its judgment entry on September 23, 2013.

The trial court granted legal custody of A.H. to Paternal Aunt. Maternal Grandmother was awarded visitation of A.H. Protective supervision by MCCS of A.H. was terminated.

{¶8}  It is from this decision Mother now appeals.

**ASSIGNMENTS OF ERROR**

{¶9}   Mother raises two Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY WITHOUT FINDING THAT REASONABLE EFFORTS HAS BEEN TAKEN TO PREVENT THE CONTINUED REMOVAL OF A.H.

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING IT WAS IN THE BEST INTERESTS OF A.H. TO AWARD LEGAL CUSTODY TO [PATERNAL AUNT]."

**ANALYSIS**

*I.*

{¶12} Mother argues in her first Assignment of Error that the trial court erred in not entering the specific findings of fact as required under R.C. 2151.419(B)(1). Upon the authority of this Court's previous decision in *In re B.G.*, 5th Dist. Muskingum No. CT2013-0033, 2014-Ohio-409, we agree.

{¶13} R.C. 2151.419 governs hearings on efforts of agencies to prevent removal of children from homes. Subsection (A)(1) states the following:

Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a

child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.

{¶14} Subsection (B)(1) states the following:

A court that is required to make a determination as described in division (A)(1) or (2) of this section shall issue written findings of fact setting forth the reasons supporting its determination. If the court makes a written determination under division (A)(1) of this section, it shall briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent

the removal of the child from the child's home or enable the child to return safely home.

{¶15} There is no dispute that the September 23, 2013 judgment entry granting legal custody to Paternal Aunt does not contain a brief description in the findings of fact as to the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home.

{¶16} Pursuant to *In re B.G. supra* and *In re Kyle*, 5th Dist. Tuscarawas No. 2008 AP 01 0002, 2008-Ohio-5892, we reverse the trial court's September 23, 2013 judgment entry for the trial court's failure to address in writing the reasonable efforts of the agency as required by R.C. 2151.419.

{¶17} The first Assignment of Error is sustained.

*II.*

{¶18} Based upon our opinion in the first Assignment of Error, the second Assignment of Error is premature.

**CONCLUSION**

{¶19} The judgment of the Muskingum County Court of Common Pleas, Juvenile Division is reversed and remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.